ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| TAILI TEE THULA TOVAR<br><br>Peticionaria<br><br><br>V.<br><br>ASDRÚBAL SIMÓN MATA CABELLO<br><br>Recurrido | TA2026CE00316 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: SJ2020RF00274<br><br>Sobre:<br><br>Custodia |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Taili Tee Thula Tovar (señora Thula o peticionaria), presentó un recurso de *certiorari* para la revisión de una Resolución que emitió el Tribunal de Primera Instancia, Sala de Bayamón, el 22 de enero de 2026. Mediante esta decisión, el foro primario, entre otras cosas, le ordenó a la demandante señora Thula a destruir toda documentación que obtuvo del patrono de la parte demandada, en respuesta a alegado *subpoena duces tecum*, que no fue autorizado por el Tribunal.

En desacuerdo, el 6 de febrero de 2026, la señora Thula presentó una *Moción de Reconsideración de Resolución*. El 11 de febrero de 2026, el foro primario notificó una Orden para declarar *No Ha Lugar* la solicitud de reconsideración.

En consecuencia, a partir de esa fecha del **11 de febrero de 2026**, las partes que así lo interesaran, disponían de treinta (30) días, hasta el **13 de marzo de 2026** para acudir en revisión

a este foro intermedio. Ese día, ninguna parte acudió a este foro revisor.

El 14 de marzo de 2026, a las 12:01 am la abogada de la señora Thula, generó la entrada número uno (#1) en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), con el título de Petición *Certiorari*. Sin embargo, el documento principal que la peticionaria incluyó en esa entrada era la *Resolución* que emitió el TPI el 22 de enero de 2026 y **no** el escrito de *Certiorari*.

Es mismo sábado, 14 de marzo de 2026 a las 2:55 am, la abogada de la peticionaria presentó un escrito de *Solicitud de Corrección de Autos*.[1] En este documento, indicó lo siguiente:

> Justo anoche, alrededor de las 11:30 P.M., completamos el recurso de epígrafe en el formato Microsoft Word, y nos disponíamos a darle resguardo como prerrequisito para convertirlo a formato Adobe Acrobat PDF para su presentación en esta plataforma SUMAC. Como se ve del EXHÍBIT 1 que acompaña esta moción, el documento fuente: - TA [SUMAC # 1022] CITACIÓN PHILIPS NORTH AMERICA.pdf habría sufrido sus últimos cambios a las 11:49 P.M., y se mantenía en estatus "Saving . . .". Simultáneamente manteníamos abierta una sesión en la plataforma SUMAC para la presentación del recurso tan pronto como Microsoft Word y Adobe Acrobat completaran su proceso.

> En la obfuscación [sic] y apresurada, tome un documento el cual creía ser el producto del documento fuente denominado arriba, pero que era en realidad resultó ser el documento en contra del cual se recurría vía el recurso de epígrafe, y ese documento fue el que entró como el alegato del recurso de referencia.

> Ya pasada la medianoche, **y ya para el 14 de marzo de 2026 a las 12:10 A.M.,** fue que nos percatamos de que el documento fuente se mantenía en estatus "Saving . . .". Véase: EXHÍBIT 2.

Luego agregó que, "[c]onsecuentemente, **por este medio hacemos parte de los autos el documento que correctamente representa el recurso de certiorari de**

---

[1] SUMAC TA, entrada 2.

**epígrafe, para que sustituya como tal el documento que corresponde al [SUMAC # 1] del recurso TA2026CE00316**." (énfasis nuestro).

Revisado el documento, la parte peticionaria tampoco sometió el escrito de *certiorari* al que aludió en la antes dicha moción de corrección.

Fue el lunes, 16 de marzo de 2026 a la 1:18 pm, que la peticionaria Tee Thula incoó una *Solicitud para dar Recurso por Presentado.* Allí expresó lo siguiente: "Conforme a las instrucciones recibidas **esta mañana** por parte de la Secretaría del Tribunal de Apelaciones, por medio de la Sra. Padró, y los incidentes telemáticos sufridos por la plataforma SUMAC en la noche del 13 de marzo de 2026, que impidieron la tramitación propia de este y otros recursos, sometemos nuevamente la versión íntegra del documento base del recurso". Evaluamos el documento y en el anejo de la antes mencionada moción fue que la peticionaria incluyó, por primera vez, el recurso de *certiorari*. De manera que, el auto de *certiorari* quedó presentado el lunes, 16 de marzo de 2026 a la 1:18 pm.

En reacción al recurso, y a nuestra orden, el 23 de marzo de 2026, el recurrido-demandado señor Asdrúbal Simón Mata Cabello, interpuso una *Solicitud de desestimación por falta de jurisdicción al amparo de la Regla 52.2 de Procedimiento Civil y por serias deficiencias procesales que impiden la perfección del recurso.* El recurrido solicitó la desestimación del recurso, por haberse presentado fuera del término de treinta (30) días que dispone la Regla 52.2 de Procedimiento Civil y la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *infra*. De igual manera, indicó que la parte recurrida nunca fue notificada del recurso de *certiorari* dentro del término de cumplimiento estricto de treinta

(30) días dispuesto por la Regla 33(B) del Reglamento del Tribunal de Apelaciones.

Evaluado el recurso y la oposición, atendemos como cuestión prioritaria, el aspecto jurisdiccional.

**II.**

**A.**

Sabido es que la jurisdicción es el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias ante su consideración. JJJ Adventure v. Consejo de Titulares y otros, 2025 TSPR 123, 216 DPR ___ (2025); Greene et als. v. Biase et als., 2025 TSPR 83, 215 DPR ___ (2025); Vázquez et al. v. DACo, 215 DPR ___ (2025), 2025 TSPR 56; Metro Senior v. AFV, 209 DPR 203, 208-209 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).  Los asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia. Pérez Rodríguez v. López Rodríguez et al., 210 DPR 163, 178, (2022).  En atención a ello, los tribunales deben ser celosos al constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. JJJ Adventure v. Consejo de Titulares y otros, *supra*; Greene et als. v. Biase et als., *supra*; Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020). Así, los asuntos jurisdiccionales deben ser resueltos con preferencia, pues una sentencia dictada sin jurisdicción es nula y se considera inexistente. JJJ Adventure v. Consejo de Titulares y otros, *supra;* Greene et als. v. Biase et als., *supra*; Metro Senior v. AFV, *supra*, pág. 209.  Por tanto, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos. JJJ Adventure v. Consejo de Titulares y otros, *supra*; Greene et als.

v. Biase et als., *supra*; Beltrán Cintrón et al. v. ELA et al., *supra*, en la pág. 102.

**B.**

Las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. Soto Pino v. Uno Radio Group, 189 DPR 84, 90 (2013); Rojas v. Axtmayer Ent., Inc., 150 DPR 560, 564 (2000). Ello es así, pues se ha indicado que, "[l]a marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico." Soto Pino v. Uno Radio Group, *supra*. Como axioma de ese principio, es una norma conocida que "el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial." Soto Pino v. Uno Radio Group, *supra*; Cárdenas Maxán v. Rodríguez, 119 DPR 642, 659 (1987).

Cónsono a lo anterior, la Regla 52 de Procedimiento Civil, 32 LPRA Ap. V, R.52*,* regula el procedimiento y perfeccionamiento de los recursos de *certiorari*.

En lo pertinente, la Regla 52.2(b) de Procedimiento Civil, *supra*, establece que "[l]os recursos de certiorari al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia […] deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida." A su vez, dispone que el aludido término de treinta (30) días es de **cumplimiento estricto** y únicamente es prorrogable cuando **medien circunstancias especiales debidamente sustentadas en la solicitud de *certiorari***. (Énfasis añadido).

Asimismo, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, *In re Aprob Enmdas.,*Reglamento TA, 2025 TSPR 42, 215 DPR ____ (2025), señala que, "[e]l recurso

de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley […] se formalizará mediante la presentación de una solicitud dentro de los **treinta** días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto". (Énfasis nuestro).

A su vez, la Regla 52.2(g) de Procedimiento Civil, *supra,* establece que, "[e]l transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47." La mencionada Regla 47 de Procedimiento Civil, en lo pertinente la regla indica que, "[u]na vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración." 32 LPRA Ap. V, R. 47.

Ahora bien, sobre el periodo de cumplimiento estricto para presentar un recurso de *certiorari*, es importante recordar que estos términos, a diferencia de uno de naturaleza jurisdiccional, puede ser prorrogado por los tribunales. Soto Pino v. Uno Radio Group, *supra*, pág. 92. Sin embargo, para que lo anterior ocurra, generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente **justa causa** por la cual no puede cumplir con el término establecido. Freire Ruiz v. Morales Román, 2024 TSPR 129, 12 (2024), 215 DPR \_\_\_\_ (2024); Soto Pino v. Uno Radio Group, *supra*; Cruz Parrilla v. Depto. Familia, 184 DPR 393, 403 (2012).

La acreditación de justa causa debe realizarse con explicaciones concretas, particulares y debidamente evidenciadas, puesto que "las vaguedades y las excusas o los planteamientos estereotipados" no son suficientes. Soto Pino v. Uno Radio Group, *supra*, pág. 93. Véase también Febles v. Romar, 159 DPR 714, 720 (2003).   No puede ser de otra manera. Si se permite que la acreditación de la justa causa se convierta en un juego de mero automatismo en el que los abogados conjuran excusas genéricas, carentes de detalles en cuanto a las circunstancias particulares que causaron la tardanza en cumplir con el término, se trastocaría todo nuestro ordenamiento jurídico. De esa manera se convertirían los términos reglamentarios en metas amorfas que cualquier parte podría postergar. Soto Pino v. Uno Radio Group, *supra*.   Para evitar ese escenario, son los tribunales los llamados a ser árbitros y celosos guardianes de los términos reglamentarios. Íd.

De manera que, los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes las dos condiciones: (1) que en efecto exista justa causa para la dilación, y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; esto es, que la parte interesada acredite de manera adecuada la justa causa aludida. Freire Ruiz v. Morales Román, supra; Rivera Marcucci *et al*. v. Suiza Dairy, 196 DPR 157, 171 (2016); Soto Pino v. Uno Radio Group, *supra*, pág. 93.   En ausencia de estas circunstancias específicas, el tribunal carece de discreción para prorrogar el término y, por consiguiente, acoger el recurso apelativo ante su consideración. Freire Ruiz v. Morales Román, *supra*; S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007).

Así pues, para salvaguardar las normas de Derecho Procesal Apelativo, el Tribunal Supremo ha sido enfático en que "[l]os abogados vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos ante nos". Soto Pino v. Uno Radio Group, *supra*, pág. 90; Matos v. Metropolitan Marble Corp., 104 DPR 122, 125 (1975). No puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo. Soto Pino v. Uno Radio Group, *supra*, pág. 91; Matos v. Metropolitan Marble Corp., *supra*, pág. 125.

Ante este cuadro, es norma asentada que un recurso de apelación que se presenta luego del término que provee la ley para recurrir debe desestimarse por ser un recurso tardío. Pueblo v. Rivera Ortiz, 209 DPR 402, 415 (2022); Yumac Home v. Empresas Massó, 194 DPR 96, 107 (2015). La presentación prematura o tardía del recurso priva de jurisdicción al tribunal al cual se recurre. Pueblo v. Rivera Ortiz, *supra*.

**III.**

Como cuestión de umbral, le corresponde a este Tribunal determinar si posee jurisdicción para atender el recurso ante su consideración.

Conforme surge del expediente ante nuestra consideración, el 22 de enero de 2026 el foro primario emitió una *Resolución*. En desacuerdo, el 6 de febrero de 2026, la señora Thula solicitó *Reconsideración*. El 11 de febrero de 2026, el foro primario notificó una Orden para declarar *No Ha Lugar* la solicitud de reconsideración. Según antes explicado, a partir del **11 de febrero de 2026**, las partes disponían de treinta (30) días, para acudir en revisión a este foro intermedio. Este término de

cumplimiento estricto venció el viernes, **13 de marzo de 2026** y la demandada no presentó el recurso de certiorari.

Al día siguiente, el 14 de marzo de 2025 a las 2:55 de la mañana, mediante una *Solicitud de Corrección de Autos*, presentada, la peticionaria aludió que por la "ofuscación y apresurada", tomó por equivocación, el documento del cual recurría, y lo entró como el alegato del recurso. Mencionó, también el proceso de convertir el documento del formato *Microsoft Word* al de *Adobe Acrobat PDF*.

Sobre su explicación, concluimos que la inadvertencia, la prisa y el alegado error en subir el documento adecuado al sistema de SUMAC, no constituye justa causa para su incumplimiento. Más aun cuando, junto a ese escrito, la peticionaria tampoco incluyó el recurso de *Certiorari*.

Fue el lunes, 16 de marzo de 2026 a la 1:18 pm, que la señora Thula presentó, como un anejo, el recurso de *certiorari*. Esto ocurrió, luego de transcurrido en exceso el término de treinta (30) días que fija nuestro estado de derecho.

Por consiguiente, ante la presentación tardía del presente recurso y la ausencia de justa causa para tal dilación, no podemos asumir jurisdicción en la presente causa. En consecuencia, nos vemos forzados desestimar el presente recurso.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso, por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones